BUCK v. SMITH et.

Ohio Appeals, 6th Dist., Huron Co.

No. 233. Decided Nov. 14, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

715. LIBEL AND SLANDER—Injury, resulting from libel or slander, is "personal injury by wrongful act."

112. ATTACHMENT—In action for libel or slander, against non-resident, writ of attachment may properly issue under 11819 GC.

Error to Common Pleas. Judgment reversed.

Young & Young, Norwalk, for Buck.
R. R. Parkhurst, Bellevue, for Smith et.

STATEMENT OF FACTS.

Plaintiff below, who is plaintiff in error here, filed his petition against the defendants, alleging defamation of character, and caused a writ of attachment and garnishment to be issued and served. Upon motion, the court quashed and set aside the service. The plaintiff not desiring to plead further, final judgment was entered.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

WILLIAMS, J.

The question presented in this court is whether, in an action for libel or slander, a writ of attachment may properly issue, and service be obtained by publication on the ground of non-residence of defendants, under the laws of Ohio. GC. Section 11819 reads as follows:

"An attachment shall not be granted on the ground that the defendant * * * is not a resident of this state, for any claim other than a debt arising on contract * * * or for causing damage to property, or personal injury by negligent or wrongful act."

By the great weight of authority the terms "injury to the person" and "personal injury" when used in the statutes of the various states and of the United States, are held to include libel and slander.

The court reaches the conclusion that the injury to reputation arising from libel is an injury to the person and that attachment will lie.

By the great weight of authority, in the absence of a statute requiring otherwise, the attachment statutes are to be given a strict construction. Under 10214 GC. however, the statutes regulating attachment proceedings are to be liberally construed in Ohio, in order to do justice between the parties. Hart v. Andrews, 103 OS. 318.

Giving the statute in question a liberal construction, injury resulting from libel or slander is a "personal injury by wrongful act." The court, therefore, erred in sustaining the separate motions of the defendants and entering final judgment against the plaintiff.

(Richards and Lloyd, JJ., concur.)